UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENNIS HANKINS, | ) |
| Petitioner, | ) |
| v. | ) No. 2:16-cv-00408-JMS-MJD |
| SUPERINTENDENT, Putnamville Correctional Facility, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Dennis Hankins was convicted in an Indiana state court of attempted burglary and other offenses. He was also found to be a habitual offender. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

Having considered the pleadings, the expanded record, and the parties' arguments, and being duly advised, the Court finds that Hankins' petition for writ of habeas corpus should be denied and that a certificate of appealability should not be issued. These conclusions rest on the following facts and circumstances:

1. In his direct appeal, Hankins challenged the sufficiency of the evidence as to the attempted burglary conviction. The Indiana Court of Appeals rejected this challenge. *Hankins v. State*, 9 N.E.3d 259, *1 (Ind.Ct.App. 2014). His petition to transfer was denied. The Indiana state courts then rejected Hankins' motions to correct sentence and his petition for post-conviction relief. Hankins appealed the denial of his third motion to correct sentence. That denial was affirmed

on appeal. *Hankins v. State*, 45 N.E.3d 68 (Ind.Ct.App. 2016). Hankins likewise appealed the denial of his petition for post-conviction relief. That appeal was dismissed after Hankins failed to file a transcript of the lower court record.

2. The filing of the present action followed. Hankins contends that: (1) the filing of the attempted burglary charge in the circumstances of this case violated his right to due process; and (2) the filing of the habitual offender allegation render his sentence erroneous. The respondent has responded to the allegations of the petition, Hankins has replied, and the record has been appropriately expanded.

3. "[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits . . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005).

4. Hankins' habeas claims were not included in his direct appeal or in his action for post-conviction relief. Hankins' second habeas claim was presented in one of his motions to correct erroneous sentence, but the Indiana Court of Appeals held that it was not properly asserted in such a motion because the claim would require consideration of the pretrial proceedings and did not allege a facial error in sentencing. Hankins' appeal from the denial of his petition for post-

conviction relief was dismissed on procedural grounds because no transcript from the lower court was filed. These circumstances show that Hankins committed procedural default with respect to each of his habeas claims. *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004)(procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed.").

5. A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

6. Hankins opposes the respondent's argument of procedural default, but does so only by asserting that his habeas claims are meritorious. This is an insufficient basis on which to overcome his procedural default. A contrary ruling would ignore the rule.

7. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In the present case, Hankins has encountered the hurdle produced by the doctrine of procedural default. *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990)("[a] federal claim that was not raised in the state courts is procedurally barred and must be dismissed.")(citing *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990)). He has not shown the existence of circumstances permitting him to overcome this hurdle and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims.

8. Judgment consistent with this Entry shall now issue.

9. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Hankins has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date:  February 9, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Dennis Hankins DOC #864208
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135